UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SINO SPORTS & ENTERTAINMENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:07-cv-0789-DFH-TAB |
| ) | |
| CHAMP CAR WORLD SERIES LLC, ) | |
| GERALD R. FORSYTHE, and KEVIN ) | |
| KALKHOVEN, ) | |
| ) | |
| Defendants. ) | |

ORDER OF REMAND

On August 29, 2008, Magistrate Judge Baker addressed several pending motions. He granted the motion of plaintiff Sino Sports & Entertainment, Inc. ("SSE") to add as a plaintiff an entity called FRC USA LLC. Judge Baker also granted two motions to strike and granted plaintiff SSE's motion for leave to file a second amended complaint. Defendants Forsythe and Kalkhoven have filed objections to Judge Baker's grant of the motion to add FRC as a plaintiff and the motion to file a second amended complaint. As explained below, the court overrules the objections and remands this case to state court because the proper joinder of FRC as a plaintiff destroys the basis for the court's diversity jurisdiction.[1]

---

[1]Defendants argue that this court should review the Magistrate Judge's order *de novo* because it has the effect of requiring dismissal for lack of
(continued...)

Defendants object to adding FRC precisely because its presence will destroy complete diversity of citizenship. Both FRC and defendant Kalkhoven are citizens of California.[2] Federal Rule of Civil Procedure 19 determines when a party whose joinder will defeat a court's jurisdiction should nonetheless be joined in an action. Under the Rule, the court first must determine whether the party is a "required party" that should be joined if joinder does not deprive the court of subject matter jurisdiction. Fed. R. Civ. P. 19(a)(1); *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999). If the party is a required party but cannot be joined without losing jurisdiction, the court then must determine whether the litigation should proceed in the party's absence or be dismissed (or remanded). Fed. R. Civ. P. 19(b); *Thomas*, 189 F.3d at 667.

The court finds first that FRC is a required party under Rule 19(a)(1). In their motions to dismiss, defendants argued in several ways that plaintiff SSE cannot properly assert various claims because its asserted rights derive from its relationship with FRC and from FRC's assignment of certain rights to SSE. After SSE responded to those arguments by suggesting that FRC simply join as a plaintiff, defendants backed away from those arguments. At this stage, deciding

---

[1](…continued)
jurisdiction. The court expresses no view on that issue. Whether the standard is *de novo* or the more deferential "clear error" standard, the court would uphold Judge Baker's order granting SSE's motion to add FRC.

[2]FRC and SSE have filed an affidavit from FRC's owner, Elliott Friedman, making clear that FRC is a citizen of California, as well as a resident of that state. Docket No. 111.

whether FRC should properly be joined as a party does not require the court to make a preliminary judgment about the merits of the claims or the defendants' arguments. The point is that defendants have raised issues as to whether SSE can properly assert its claims.

The factors in Rule 19(a)(1) indicate that FRC should be added. In FRC's absence, the court could not provide complete relief to the existing parties because FRC may still have unlitigated claims against the defendants, and SSE's claims may remain uncertain. See Fed. R. Civ. P. 19(a)(1)(A). Failure to join FRC could impede its interests. Because of its close relationship as majority shareholder of SSE, FRC would probably be bound by the results of this case under doctrines of issue and/or claim preclusion. See Fed. R. Civ. P. 19(a)(1)(B)(i). Adding FRC as a plaintiff in its own right is a reasonable solution, whatever the ultimate outcome of the parties' claims might be. It certainly makes sense for all interested parties to the transactions and claims to be parties to just one lawsuit. However, joinder is permitted under Rule 19(a) only if it does not destroy subject matter jurisdiction. As noted, allowing FRC to join as a party destroys diversity of citizenship, the only basis for subject matter jurisdiction here.

Before turning to Rule 19(b), the court turns to defendants' argument that this court may exercise supplemental jurisdiction over FRC's claims based on *Aurora Loan Services, Inc. v. Craddieth*, 442 F.3d 1018, 1025-26 (7th Cir. 2006). If supplemental jurisdiction is appropriate, then the court need not make the Rule

19(b) inquiry as to whether FRC should be joined despite defeating subject matter jurisdiction. *Aurora Loan* provides a narrow exception to the general rule found in 28 U.S.C. § 1367(b) that district courts do not have supplemental jurisdiction over claims made by non-diverse persons who intervene under Federal Rule of Civil Procedure 24 if diversity is the only basis for jurisdiction.

The *Aurora Loan* case started out as a diversity case brought by Aurora Loan to foreclose on a home mortgage on property owned by citizens of Illinois. The federal district court had entered a foreclosure judgment, and a foreclosure sale was conducted. An Illinois company called Midwest was the high bidder at the sale (for a fraction of the appraised value of the property). Before the sale was confirmed, however, the defendant-owners found new financing. The district court then denied the original lender's (Aurora Loan's) motion to confirm the sale. Midwest, as the high bidder, then moved to intervene as of right under Rule 24(a) to assert its rights arising from the sale. The district court did not rule on that motion but vacated the foreclosure judgment. Later, after the original lender was paid, the district court dismissed the suit and denied all pending motions, including Midwest's motion to intervene. See *Aurora Loan*, 442 F.3d at 1021-22.

Midwest appealed, and one question was whether the common citizenship between Midwest and the owners defeated federal jurisdiction. The Seventh Circuit addressed the provision in 28 U.S.C. § 1367(b) instructing that where the basis for original jurisdiction is diversity of citizenship, supplemental jurisdiction

-4-

does not extend to "persons . . . seeking to intervene as plaintiffs under Rule 24" if "exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements" of 28 U.S.C. § 1332.  The Seventh Circuit held that the prohibition did not apply to Midwest's intervention based on its high bid at the foreclosure sale.  The Seventh Circuit explained:

> The evident purpose of the provision, however, is to prevent a two-step evasion of the requirement of complete diversity of citizenship by a person who, being of the same citizenship as the defendant, waits to sue until a diverse party with which it is aligned sues the defendant, and then joins the suit as an intervening plaintiff.  See *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 931-32 (7th Cir. 1996); *State National Ins. Co. v. Yates*, 391 F.3d 577, 581 (5th Cir. 2004); *Viacom International, Inc. v. Kearney*, 212 F.3d 721, 726-27 (2d Cir. 2000).  Section "1367(b) reflects Congress' intent to prevent *original* plaintiffs . . . from circumventing the requirements of diversity."  *Id.* (emphasis added).

*Aurora Loan*, 442 F.3d at 1025.  Because Midwest's interest had not even arisen until after the proceeding had begun, based on the foreclosure sale, its intervention fell outside the scope of the § 1367(b) exception to supplemental jurisdiction.  *Id.*, citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam); *American Nat'l Bank & Trust Co. v. Bailey*, 750 F.2d 577, 582-83 (7th Cir. 1984); *Salt Lake Tribune Publ'g Co. v. AT&T Corp.*, 320 F.3d 1081, 1095-96 (10th Cir. 2003).  "Such a party has no say in deciding where the suit is brought and so cannot be gaming the system."  *Aurora Loan*, 442 F.3d at 1025.

The reasoning of *Aurora Loan* does not extend to this case, and one of the statutory prohibitions in § 1367(b) applies squarely to this situation.  Whatever

claims or interests FRC has now it also had when this case was first filed. FRC's joinder as a plaintiff in the case is properly understood not as an intervention under Rule 24, but as a joinder required under Rule 19. Under the supplemental jurisdiction statute, a federal court may not exercise supplemental jurisdiction over the claims of a non-diverse plaintiff added under Rule 19 if diversity of citizenship is the basis for original federal jurisdiction. 28 U.S.C. § 1367(b). Supplemental jurisdiction over FRC's claims is not proper.[3]

---

[3] This area of jurisdictional law highlights the hazards of taking broad judicial statements out of context. In *Aurora Loan*, the Seventh Circuit noted that the Supreme Court had recently quoted with approval the following language from *Wichita Railroad & Light Co. v. Public Utilities Comm'n*, 260 U.S. 48, 54 (1922): "Jurisdiction once acquired . . . is not divested by a subsequent change in the citizenship of the parties. Much less is such jurisdiction defeated by the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties," quoted in *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam). Defendants rely on the broad language in *Freeport-McMoRan*: "We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." 498 U.S. at 428. Taken out of context, that language sweeps too broadly. As the Court acknowledged in its supporting citation, *Wichita Railroad* recognized that intervention by a non-diverse party whose presence *is* essential to the controversy between the original parties could defeat diversity jurisdiction. The Seventh Circuit has also recognized the limited holding of *Freeport-McMoRan*. In *Estate of Alvarez v. Donaldson Co.*, the court held that the joinder of non-diverse defendants destroyed complete diversity notwithstanding *Freeport-McMoRan*, which "looked at a limited part of diversity in which there was a substitution of parties." *Estate of Alvarez*, 213 F.3d 993, 994-95 (7th Cir. 2000). Professors Wright, Miller, and Kane have pointed out that the language in *Wichita Railroad* was written before the Federal Rules of Civil Procedure took effect and addressed situations that have now been addressed more specifically by statute, in 28 U.S.C. § 1367. See 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1917 at 592-94 (3d ed. 2007).

Because supplemental jurisdiction is not proper, the court must decide whether the case should proceed without FRC or whether FRC should be joined, in which case the court must remand to the state court. This determination is made under Rule 19(b), which requires the court to ask whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The four factors listed under Rule 19(b) guide application of the standard.

This case remains at a surprisingly early stage of development. The parties and the court are still trying to sort out the parties and claims, and discovery has not reached full steam. The parties would not be prejudiced by returning to their original forum in state court, and no party has a particularly strong interest in this case being in federal court. An alternative forum is available, an Indiana state court, where this case can be remanded. The availability of an adequate alternative forum, while not sufficient by itself to justify dismissal and remand, is an important consideration. See Fed. R. Civ. P. 19(b)(4); *Pasco Int'l (London) Ltd., v. Stenograph Corp.*, 637 F.2d 496, 500 (7th Cir. 1980). While also not decisive by itself, the fact that all of SSE's and FRC's claims could be disposed of in a single action if the case is remanded to state court is also a factor weighing in favor of applying Rule 19(b). *Pasco*, 637 F.2d at 505; see *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968). This factor also suggests that a judgment issued without FRC would be inadequate under Rule 19(b)(3). *Patterson*, 390 U.S. at 111. The alternative would be to have two parallel

proceedings going forward – one in federal court with SSE as the plaintiff, and a second in state court with FRC as the plaintiff – arising out of the same transactions and events.

Both FRC and defendants could be prejudiced if this action remains in federal court without FRC as a party. See Fed. R. Civ. P. 19(b)(1). It is highly likely that a judgment in this dispute between SSE and defendants in the absence of FRC could prejudice FRC and/or the defendants because they would probably be bound under principles of issue or claim preclusion by a federal decision. The court cannot be sure of where FRC would file its claims, but judgments obtained in federal courts are generally accorded full faith and credit in state courts. Restatement (Second) of Judgments § 87 (1982). There is no uniform rule as to whether a state will apply state or federal law to determine the preclusive effect of a federal court order based on state law. See *id.* However, the general rule is that the judgment of a court of competent jurisdiction is preclusive between parties to an action or their privies as to issues that were directly adjudicated or necessarily decided in the judgment and to claims that were or could have been litigated in the prior action. See generally *Tofany v. NBS Imaging Systems, Inc.*, 616 N.E.2d 1034, 1038 (Ind. 1993) (issue preclusion); *Dawson v. Estate of Ott*, 796 N.E.2d 1190, 1195 (Ind. App. 2003). Because FRC is SSE's primary shareholder, it is likely that it would be bound by a decision between SSE and the defendants. In addition, the defendants could be bound by a judgment in SSE's favor if FRC brings a similar claim in a state forum. FRC's and SSE's claims against

defendants, while not identical, involve the same or similar issues. Finally, there is no apparent basis for reducing or avoiding the extent of such prejudice by limiting the judgment or otherwise.[4]

Accordingly, without reaching or commenting on the merits of plaintiffs' claims, the court overrules defendants' objection to Judge Baker's decision to allow the joinder of FRC as a plaintiff. That joinder defeats the complete diversity of citizenship, and supplemental jurisdiction is not available under 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 1447(c), the court therefore REMANDS this action to the Marion Superior Court from which it was removed, without addressing other pending motions that address the merits of claims over which this court no longer has subject matter jurisdiction.

So ordered.

Date: September 26, 2008

*David F. Hamilton*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

---

[4] This case does not present a simple case of a complete or partial assignment, which Seventh Circuit dicta has suggested is not sufficient to make the assignor and assignee Rule 19(b) parties. See *Overseas Dev. Disc Corp. v. Sangamo Constr. Co.*, 686 F.2d 498, 505 n. 18 (7th Cir. 1982). Rather, in motions to dismiss, the defendants have disputed the applicability and validity of the assignment agreement by questioning SSE's ability to file claims based on statements made to FRC. *E.g.*, Docket No. 45 at 13-15. Faced with the response that could lead to remand, the defendants have backed away from their challenges to SSE's ability to assert claims based on statements made to FRC, but defendants might attempt to reassert them in the future. Questions about the validity and applicability of the assignment agreement reinforce concerns about possible prejudice to FRC if the case goes forward without it.

Copies to:

Tonya J. Bond
PLEWS SHADLEY RACHER & BRAUN
tbond@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

Jason L. Fulk
HOOVER HULL LLP
jfulk@hooverhull.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Jeffrey A. Townsend
PLEWS SHADLEY RACHER & BRAUN
jtownsend@psrb.com